WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Cebrynski, et al., | No. CV-21-01965-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Wells Fargo Bank NA, et al., | |
| Defendants. | |

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion for Stay of Discovery (Doc. 58) Pending Resolution of Experian's Motion for Judgment on the Pleadings (Doc. 38), to which Wells Fargo joined (Doc. 40), and Wells Fargo's Motion for Summary Judgment (Doc. 35).[1]  Plaintiffs filed a Response in Opposition. (Doc. 70).  The Court did not permit a Reply.  (Doc. 57).

**I.   Background**

This case concerns the Fair Credit Reporting Act ("FCRA").  Plaintiffs owned a home that had a joint mortgage assigned to Wells Fargo. (Doc. 1 at ¶ 29).  In or around November 2016, Plaintiffs received a Notice of Trustee Sale for their home and foreclosure proceedings were initiated.  (*Id.* at ¶ 30).  The following month, in December 2016, Plaintiffs brought the loan account current. (*Id.* at ¶ 32).  On December 20, 2016, the servicer of the account recorded a cancellation of the foreclosure proceedings.  (*Id.* at ¶ 33).  Five years later, in or around October 2021, Plaintiffs discovered that Experian's

---

[1] Both motions are fully briefed.

consumer report listed "foreclosure proceedings started" in December 2016, while omitting that the account had been brought current and the foreclosure cancelled. (*Id.* at ¶¶ 44, 59).

Thereafter, in November of 2021, Plaintiffs filed a Complaint alleging that Experian negligently and willfully violated 15 U.S.C. § 1681e(b) (reasonable procedures to ensure maximum possible accuracy) and 15 U.S.C. § 1681i (reinvestigations of disputed information) of the FCRA. (Doc. 1 at ¶¶ 77–109). Plaintiffs also allege Wells Fargo violated U.S.C. § 1681s-2(b)(1)(A) of the FCRA by failing to fully and properly investigate the Plaintiffs' disputes. (*Id.* at ¶¶ 110–120).

**II.   Discussion**

A pending dispositive motion is not generally "a situation that in and of itself would warrant a stay of discovery." *DRK Photo v. McGraw-Hill Companies, Inc.*, 2012 WL 5936681, at *1 (D. Ariz. Nov. 27, 2012) (internal citation omitted). The party seeking a stay of discovery "carries the heavy burden of making a strong showing why discovery should be denied." *Id.* Courts in the Ninth Circuit employ a three-prong test to determine whether a stay is appropriate: "1) the pending dispositive motion must be potentially dispositive of the entire case; 2) the court must either be "convinced" that the dispositive motion will be granted, or the court must find that a "clear possibility" exists that the dispositive motion will be granted; and 3) the court must be able to resolve the dispositive motion without any additional discovery." *Baadsgaard v. Safeco Ins. Co. of Illinois*, 2020 WL 6273405, at *2 (D. Mont. Sept. 21, 2020) (internal citation omitted).

Application of this test requires the court to take a "preliminary peek" at the merits of the pending dispositive motion. *McGraw-Hill Companies, Inc.*, 2012 WL 5936681, at *2. To be entitled to a discovery stay, the moving party must show there is an "immediate and clear possibility of success" on its motion. *Mlejnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743, at *5–6 (E.D. Cal. Feb. 7, 2011).

**1. Are the motions potentially dispositive of the case?**

The first prong of the three-part test is satisfied. Experian's Motion for Judgment on the Pleadings (Doc. 38), to which Wells Fargo joined (Doc. 40), challenges all of Plaintiffs'

claims.[2] If the motion is granted, the entire case will be dismissed.

**2. Does a "clear possibility of success" exist that the motion will be granted?**

In both Motions, Defendants take issue with whether the "foreclosure started" notation on Plaintiffs credit report in December of 2016 was inaccurate or misleading. (Doc. 35 at 5; Doc. 38 at 3). Defendants argue it was neither inaccurate nor misleading; Plaintiffs say it was. (*Id.*)

To state a prima facie case under § 1681(e)(b), "a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Valentine v. First Advantage Saferent, Inc.*, 2009 WL 4349694, at *7 (C.D. Cal. Nov. 23, 2009). Even a technically correct report can still be "inaccurate" under § 1681(e)(b) if the "reports containing factually correct information [] nonetheless mislead their readers." *Id.* Here, Defendants argue Plaintiffs' credit reports were factually correct because Plaintiffs "admit foreclosure proceedings began against them" and thus the "foreclosure started" notation on their credit report was true. (Doc. 38 at 4). Plaintiffs counter that the "foreclosure started" notation in December 2016 was inaccurate because foreclosure had been cancelled in December 2016—not started—and that Plaintiffs had brought the account current. (Doc. 45 at 3). Plaintiffs further argue that reporting a foreclosure had started, while omitting that the foreclosure had later concluded in Plaintiffs' favor, is materially misleading. (*Id.* at 2).

Having taken this "peek" at the merits of the motions, the Court concludes that Defendants have not demonstrated a clear and immediate possibility of success on their inaccurate information argument. This is because "[w]hether an omission was "misleading in such a way and to such an extent that it can be expected to have an adverse effect," and thus is an "inaccuracy," is generally a question for the jury. *Valentine*, 2009 WL 4349694, at *8; *see also Beseke v. Equifax Info. Servs. LLC*, 420 F. Supp. 3d 885, 891–92 (D. Minn. 2019) ("Whether technically accurate information is sufficiently misleading to qualify as

---

[2] Wells Fargo's Motion for Summary Judgment raises similar arguments to Experian's Motion. (Doc. 35). If granted, however, only Wells Fargo would be dismissed, not the entire case.

inaccurate for the purposes of the FCRA is generally a question to be submitted to the jury.").

### 3. Can the dispositive motion be resolved without additional discovery?

The third prong of the three-part test is satisfied. The Court can decide the Defendants Motions without additional discovery. No additional discovery is needed to determine whether the "foreclosure started" notation was inaccurate or misleading.

### III. Conclusion

Although Defendants satisfied two of the prongs, Defendants have not shown an "immediate and clear possibility of success" on either of their motions. *Mlejnecky*, 2011 WL 489743 at *6. Therefore, Defendants failed to carry their "heavy burden of making a strong showing" that discovery should be stayed. *McGraw-Hill Companies, Inc.*, 2012 WL 5936681, at *1.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Wells Fargo's Motion for Stay of Discovery Pending Resolution of Dispositive Motions (Doc. 58) is **denied**.

Dated this 24th day of June, 2022.

Honorable Diane J. Humetewa
United States District Judge